**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
ELIDA SANTOS DE HERNANDEZ,

Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.
---------------------------------------------------------------------X

**23 Civ. 3570 (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Presently pending is Plaintiff's motion for attorneys' fees in the amount of $12,489.00 pursuant to 42 U.S.C. § 406 (b). (Dkt. No. 24). Defendant neither supports nor opposes the motion. (Dkt. No. 27). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

On September 12, 2018, Plaintiff applied for Social Security disability benefits, claiming a disability onset date of April 15, 2017. (Dkt. No. 14 at 20). After the Social Security Administration ("SSA") denied her claims initially and after reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (*Id.*). A hearing was held before an ALJ on February 3, 2022, and the ALJ found that Plaintiff was not entitled to benefits. (*Id.* at 20–29). The Appeals Council denied review of the ALJ decision on October 5, 2022. (Dkt. No. 1 at 2).

On February 6, 2023, Plaintiff signed a retainer agreement with Bryan Konoski, Esq. of Konoski & Partners, P.C. ("Konoski") to pursue an appeal of the denial of benefits in federal court. (Dkt. No. 24 at 2–8, Declaration of Bryan Konoski, Esq. ("Konoski Decl."), and Ex. B (the "Retainer Agreement")). Pursuant to the Retainer Agreement, Plaintiff agreed to pay Konoski 25% of any award of past-due benefits as a result of a successful appeal and subsequent award by the SSA following additional proceedings. (*Id.*).

Plaintiff, through Konoski, thereafter commenced this suit on April 28, 2023, seeking judicial review of the denial of benefits. (Dkt. No. 1). On May 24, 2023, the parties consented to the jurisdiction of a United States Magistrate Judge (Dkt. No. 10), and the action was thereafter assigned to the undersigned (Dkt. No. 11; Notice of Case Reassignment on September 22, 2023).

Defendant filed the administrative record on August 8, 2023 (Dkt. No. 14), and Plaintiff filed her brief in support of her position on October 3, 2023 (Dkt. No. 16). On December 5, 2023, the parties filed a proposed stipulation and order of remand (Dkt. No. 18); the Court so-ordered the stipulation the following day, and judgment was entered and the case was remanded to the SSA for further administrative proceedings (Dkt. No. 19). On February 1, 2024, the Court signed a stipulation and order approving an award of attorneys' fees to Konoski in the amount of $9,000 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 23).

Upon remand to the SSA, a second administrative hearing was held, wherein the ALJ issued a decision finding Plaintiff to be disabled and entitled to benefits. (Konoski Decl. ¶ 4). On June 2, 2026, the SSA issued an Important Information notice informing Plaintiff that she would soon receive a check for $43,467.10 and that an additional $14,489—25 percent of her total past-due benefits—was being withheld to pay legal fees. (Konoski Decl. Ex. A (the "Notice")). Konoski's offices received the Notice on June 15, 2026. (Konoski Decl. ¶ 5).

Plaintiff filed the instant motion seeking $12,489 in attorneys' fees on June 18, 2026. (Dkt. No. 24). The accompanying declaration from counsel acknowledges that should the motion be granted, counsel will pay $9,000—the amount previously received by counsel under the EAJA—directly to Plaintiff as required by law. (Konoski Decl. ¶ 7). On July 16, 2026, Defendant filed a response to the motion in his limited role "'resembling that of a trustee for the claimant[].'" (Dkt. No. 27 at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). The Commissioner did not take a specific position with respect to the fee request. (*Id.*).

**LEGAL STANDARD**

Section 406(b) provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of

> such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

The Second Circuit has not addressed whether an attorney can recover fees under § 406(b) where, as here, "the district court remands for further proceedings *without* an award of benefits." *Almodovar v. Saul*, No. 16 Civ. 7419 (GBD) (SN), 2019 WL 7602176, at *1 (S.D.N.Y. Oct. 4, 2019) (emphasis in original), *R&R adopted*, 2019 WL 6207784 (S.D.N.Y. Nov. 21, 2019). "The clear majority of courts, however, have answered this question in the affirmative. Specifically, these courts have held that § 406(b) allows the district court to award fees in cases of remand so long as the plaintiff is *eventually* awarded benefits, either at the agency level or through further judicial proceedings." *Id.* at *2 (emphasis in original and collecting cases). This principle applies even where the parties stipulate to remand. *See, e.g.*, *De Los Santos v. Comm'r of Soc. Sec.*, No. 18 Civ. 2113 (NSR) (LMS), 2020 WL 12654676, at *2 (S.D.N.Y. May 14, 2020), *R&R adopted*, 2021 WL 4507554 (S.D.N.Y. Sept. 30, 2021); *Ricciardi v. Comm'r of Soc. Sec.*, No. 19 Civ. 3304 (MKB), 2022 WL 1597401, at *1 (E.D.N.Y. May 19, 2022).

"[A] prevailing [disability] claimant's [attorneys'] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. If the claimant entered into a contingency fee agreement with counsel, the court applies Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." *Id.*

at 793. "When considering a motion for attorney's fees pursuant to § 406(b), the court first determines whether it was timely made . . . and then reviews the request for reasonableness." *Johnson v. Kijakazi*, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *4 (S.D.N.Y. Dec. 15, 2022) (citation omitted).

Whereas EAJA fees "are paid by the government to the litigant to defray the cost of legal services," fees under § 406(b) "are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). Where fees are awarded under both § 406(b) and EAJA, "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Janes v. Berryhill*, 498 F. Supp. 3d 540, 542 (S.D.N.Y. 2020) (quoting *Gisbrecht*, 535 U.S. at 796 (internal quotation marks and citation omitted)). "Courts in this district routinely and explicitly mandate attorneys who obtain fee awards under both statutes to 'return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b).'" *Guzman v. Comm'r of Soc. Sec.*, No. 15 Civ. 3920 (VB) (LMS), 2019 WL 4935041, at *3 (S.D.N.Y. Aug. 1, 2019) (quoting *Jackson v. Astrue*, No. 09 Civ. 1290 (FB), 2011 WL 1868718, at *2 (E.D.N.Y. May 16, 2011)), *R&R adopted*, 2019 WL 4933596 (S.D.N.Y. Oct. 7, 2019).

## DISCUSSION

### A. Timeliness

Fed. R. Civ. P. 54(d)(2)(B), which requires that fee applications be filed within 14 days after entry of judgment, "provides the applicable limitations period for filing § 406(b) motions." *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019). However,

"[b]ecause the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)," the 14-day limitation period begins to run from when "counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed[.]" *Id.* at 85, 88. Therefore, the 14-day filing deadline is not absolute and can be enlarged by a court "where circumstances warrant" it. *Id.* at 89–90.

Plaintiff does not rely on the receipt of a Notice of Award. Rather, she argues that the motion was brought within a reasonable time after receipt of the Important Information Notice on June 15, 2026 "detailing past-due benefits" that Plaintiff was due. (Konoski Decl.¶ 5). As noted above, Plaintiff filed the instant motion on June 18, 2026. Plaintiff states that while the Notice "is not the final Notice of Award letter, it outlines funds withheld for attorney fees" and "is the first constructive notice [counsel] received of the total backpay to which Plaintiff is entitled." (*Id.* ¶ 5 n.1). Plaintiff does not state whether she ever received a Notice of Award, and Defendant does not address the issue.

However, the SSA does not always issue a formal Notice of Award. *See Robert S. v. Comm'r of Soc. Sec.*, No. 16 Civ. 6780 (EAW), 2022 WL 13789085, at *3 (W.D.N.Y. Oct. 24, 2022) (noting that "the SSA sometimes issues only a Notice of Change in Benefits and not a formal Notice of Award"). And Plaintiff's counsel moved quickly after receiving the Notice, filing the instant motion just three days later. Courts confronting similar situations have found the fee application to be timely even where more time had elapsed before the application was filed. *See, e.g.*,

*McGraw v. Comm'r of Soc. Sec.*, No. 1:16-CV-00103-SLC, 2018 WL 5873865, at *1 (N.D. Ind. Nov. 9, 2018) (approving fees where attorney filed motion seeking fees under § 406(b) three weeks after mailing of Important Information notice); *Griego v. Colvin*, No. CV 14-446 WPL, 2017 WL 4534834, at *3 (D.N.M. Feb. 8, 2017) (approving fees where "motion was filed approximately three months after the 'Important Information' notice," which the court found "reasonable" under more flexible Tenth Circuit standard). Such a result also comports with the Second Circuit's ruling in *Sinkler*, which recognizes that a claimant "who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Sinkler*, 932 F.3d at 88. Since Plaintiff filed the instant motion within 14 days of receipt of her first notice of total backpay to which she is entitled, the Court finds her motion timely.

**B. Reasonableness**

To determine whether a lawful contingent fee agreement is reasonable, courts consider: (a) "whether the contingency percentage is within the 25% cap"; (b) "whether there has been fraud or overreaching in making the agreement"; and (c) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). In addition, courts look so "factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits."

*Clinton George K. v. Comm'r of Soc. Sec.*, No. 25 Civ. 3858 (GRJ), 2026 WL 1875810, at *2 (S.D.N.Y. June 29, 2026).

At the outset, the requested fee does not exceed the 25% cap and, in fact, is slightly less than that. (*See* Konoski Decl. ¶ 7). Specifically, Plaintiff's past-due benefits total $57,956.10 (Notice at 1), and Plaintiff's counsel requests a fee award of $12,489.00 (Konoski Decl. ¶ 2). Thus, the fee sought is approximately 21.5% of the total past-due benefits. This supports a finding of reasonableness. *See, e.g.*, *Bonanno v. O'Malley*, No. 16 Civ. 1978 (KMK) (JCM), 2024 WL 4350532, at *3 (S.D.N.Y. June 27, 2024), *R&R adopted*, 2024 WL 4349272 (S.D.N.Y. Sept. 30, 2024); *Madigan v. Kijakazi*, No. 19 Civ. 5725 (AEK), 2023 WL 4348524, at *3 (S.D.N.Y. July 5, 2023); *Phillip v. Comm'r of Soc. Sec.*, No. 18 Civ. 5005 (SN), 2021 WL 681289, at *2 (S.D.N.Y. Feb. 22, 2021). Nor is there any evidence of fraud or overreaching in entering into the contingency fee arrangement, which called for a fee equal to 25%, greater than what counsel is seeking. (Konoski Decl. ¶ 6 and Ex. B).

Moreover, an award of $12,489 will not result in a windfall to counsel for several reasons. First, counsel "represented Plaintiff on a contingency fee basis, and the fee sought appropriately accounts for the risk of taking on a contingency case." *Molina v. Saul*, No. 19 Civ. 10575 (JCM), 2021 WL 2117398, at *3 (S.D.N.Y. May 25, 2021); *see also Wells*, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.").

Second, Konoski seeks compensation for 42.6 hours worked, consisting of 41.1 hours of attorney time and 1.5 hours of paralegal time. (Konoski Decl. Ex. C).[1] The attorney time was billed at an hourly rate of $240 (with the exception of initial intake work billed at $236.25 per hour), and the paralegal hourly rate was $120. (*Id.*). This results in total fees of $10,034.63, which, together with costs of $402, totals $10,436.63. (*Id.*). While this amount is some $2,000 less than the requested fee of $12,489.00, the hourly rate for the attorney time appears to be well below "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Valle v. Colvin*, No. 13 Civ. 2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (approving $1,079.72 hourly rate); *see also Mills v. Berryhill*, No. 15 Civ. 5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) ($1,007.78); *Foley v. Kijakazi*, No. 20 Civ. 4231 (JLC), 2022 WL 17727642, at *3 (S.D.N.Y. Dec. 16, 2022) ($964.22); *Clinton George K.*, 2026 WL 1875810, at *2 ($574.01). Further, the number of hours worked is reasonable, as "[c]ourts in the Second Circuit have found that attorneys are generally compensated for twenty to forty hours of work in 'routine' Social Security benefits cases." *Molina*, 2021 WL 2117398, at *3; *see also Raquel C-C. v. Comm'r of Soc. Sec.*, No. 24 Civ. 695 (GRJ), 2026 WL 1816200, at *2 (S.D.N.Y. June 24, 2026) (approving fees for 45.1 hours of work by Konoski firm).

---

[1] The time sheet indicates that the work performed was handled by paralegal Tara Quinones and attorney Kira Treyvus, rather than by Bryan Konoski personally.

"In addition, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of the representation." *Lopez v. Comm'r of Soc. Sec.*, No. 21 Civ. 8666 (KMK) (AEK), 2025 WL 5081574, at *3 (S.D.N.Y. Oct. 15, 2025), *R&R adopted*, 2026 WL 2033876 (S.D.N.Y. July 14, 2026). Counsel reviewed a more than 700-page administrative record (Konoski Decl. Ex. C) and filed a brief that led to a stipulated remand to the SSA and, ultimately, an award of past-due benefits to Plaintiff. *See, e.g.*, *Cruz v. Saul*, No. 17 Civ. 3951 (GBD) (JLC), 2020 WL 3965345, at *2 (S.D.N.Y. Jul. 14, 2020) (attorney provided quality representation after reviewing record and securing remand that resulted in award of past-due benefits), *R&R adopted*, 2020 WL 6491692 (S.D.N.Y. Nov. 4, 2020). And "given that Plaintiff did not secure a remand until after her counsel filed an opening brief, it is apparent that a favorable outcome was uncertain." *Brown v. Comm'r of Soc. Sec.*, No. 20 Civ. 9122 (AEK), 2026 WL 1960536, at *3 (S.D.N.Y. July 7, 2026).[2]

Further, as detailed in Plaintiff's declaration, the Konoski firm has a substantial amount of experience in similar social security actions. (Konoski Decl. ¶¶ 14–23). *See also Michael R. v. Comm'r of Soc. Sec. Admin.*, No. 24 Civ. 1762 (RFT), 2026 WL 629905, at *3 (S.D.N.Y. Mar. 6, 2026) ("Plaintiff's current counsel,

[2] Although the Konoski firm did not represent Plaintiff following remand, that does not prohibit them from a fee award under § 406(b). *See, e.g.*, *Gokey v. Berryhill*, No. 18 Civ. 658 (RA), 2021 WL 5014576, at *1 (S.D.N.Y. Oct. 27, 2021) (awarding fees to counsel where "[o]n remand—and represented by different counsel—[plaintiff] received a favorable determination from the ALJ"); *Springer v. Comm'r of Soc. Sec.*, No. 19 Civ. 2032 (RRM), 2023 WL 2711313, at *2 (E.D.N.Y. Mar. 30, 2023) (awarding fees to Osborn Law where it "did not represent plaintiff on remand" following stipulation of remand); *Ricciardi*, 2022 WL 1597401, at *4; *Boylan v. Saul*, No. 15 Civ. 6730 (LTS), 2020 WL 5235755, at *1 (S.D.N.Y. Sept. 2, 2020).

Konoski & Partners, P.C., concentrates on litigating Social Security disability insurance appeals and routinely handles federal court appeals of Social Security disability insurance cases."). Finally, there is nothing in the record to suggest that counsel unreasonably delayed the proceedings.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorney's fees is **GRANTED**, and counsel is awarded $12,489.00, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy. Upon receipt of this award, counsel is directed to promptly refund to Plaintiff $9,000, which represents the amount of fees that counsel previously received under the EAJA.

**SO ORDERED.**

DATED: New York, New York
August 19, 2026

The Honorable Gary Stein
United States Magistrate Judge